IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KENNARD CROW, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 4:22-CV-749-SDJ-AGD |
| § | |
| HCL AMERICA TECHNOLOGIES INC., § | |
| § | |
| Defendant. § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the court is *pro se* Plaintiff Kennard Crow's Amended Motion for Default Judgment, (Dkt. #17), and Defendant HCL America Technologies Inc.'s ("HCL") Motion to Set Aside Default (Dkt. #18). Having considered the parties' requests and all other relevant pleadings, the court recommends that the Amended Motion for Default Judgment, (Dkt. #17), be **DENIED**. The court further recommends that the Motion to Set Aside Default, (Dkt. #18), be **GRANTED**.

BACKGROUND

On August 23, 2022, Crow initiated this lawsuit by filing a complaint against HCL America Technologies Inc. in the Northern District of Texas (Dkt. #3). Summons originally issued on August 23, 2022 to HCL America Technologies Inc., but the case was subsequently transferred to this court on August 29, 2022 (Dkt. #5). After the case was transferred to the Eastern District of Texas, summons was reissued to HCL America Technologies Inc. on October 6, 2022 (Dkt. #11). On October 31, 2022, summons was returned as executed for HCL, representing that HCL was served on October 24, 2022 (Dkt. #12). HCL's deadline to answer or otherwise respond was November 14, 2022 (Dkt. #12). On December 2, 2022, Crow requested that the clerk enter default against HCL (Dkt. #13). That same day, the clerk entered default against HCL, (Dkt. #14), and

Crow filed his Motion for Default Judgment (Dkt. #15). On December 7, 2022, the Court directed Crow to amend his Motion for Default Judgment to address the propriety of service on HCL (Dkt. #16). On December 16, 2022, Crow filed his Amended Motion for Default Judgment (Dkt. #17). Crow's original Motion for Default Judgment was denied as moot in light of his Amended Motion for Default Judgment (Dkt. #20). On March 17, 2023, HCL filed its Motion to Set Aside Default (Dkt. #18). Crow responded to HCL's motion on March 21, 2023 (Dkt. #19).

## LEGAL STANDARD

Pursuant to Rule 55(c), the court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c). "Defaults are not favored and their strict enforcement 'has no place in the Federal Rules'." *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (citation omitted). "'[W]here there are no intervening equities[,] any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citation omitted).

To determine whether good cause exists to set aside a default, the court considers the following three factors: (1) whether the default was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious defense was presented. *Id*. (citations omitted). "Other factors may also be considered, including whether 'the defendant acted expeditiously to correct the default.'" *Id*. (citation omitted). "A finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'" *Id*. (citations omitted).

## ANALYSIS

Because the court determines that HCL's default after being served was not willful, setting aside the default will not prejudice Crow. Additionally, because HCL has a meritorious defense, the court recommends that the entry of default be set aside.

### *Crow's method of service complied with Federal Rule of Civil Procedure 4.*

The court notes at the outset that Crow complied with Federal Rule of Civil Procedure 4 by serving Executive Vice President of HCL, Rajesh Sitaraman.[1] To serve a corporation, the plaintiff may either follow the rules for service of process for an individual pursuant to Federal Rule of Civil Procedure 4(e)(1) or "deliver a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h). In Texas, "each vice president of a domestic or foreign corporation is an agent of that corporation" for the purpose of service of process. TEX. BUS. ORGS. CODE § 5.255. Thus, even though Crow did not have access to the information needed to identify HCL's registered agent, nor did HCL provide Crow or the court with that information in its motion, Crow's method of service complied with Federal Rule of Civil Procedure 4.

Additionally, Federal Rule of Civil Procedure 4 requires that the summons "identify the parties" and "be directed to the defendant." FED. R. CIV. P. 4(a)(1). Defects in the summons do not necessarily render service invalid. *See, e.g., Aerielle Techs., Inc. v. Procare Int'l Co.*, No. 2:08–cv–284–TJW, 2011 WL 767775, at *2 (E.D. Tex Feb. 28, 2011) (explaining that a minor inaccuracy in a defendant's name on a summons is a "mere mistake" and "does not defeat the

---

[1] The Officer's Return of the summons from the Eastern District of Texas names "VP Rajesh Sitaraman at 8585 John Wesley Dr, Frisco TX 75034," (Dkt. #12 at 3), which is the address for the Collin County Courthouse. However, the actual summons is addressed to "HCL America Technologies, Inc., 2401 Internet Blvd. STE. #200 Frisco, TX 75034" (Dkt. # 12 at 1) which is HCL's address. Additionally, the Proof of Service filled out by the deputy who served HCL states that he personally served the summons at "2401 Internet Blvd. STE 200 Frisco, TX 75034" (Dkt. #17, Exhibit B at 2). Moreover, Sitaraman was in fact served with the summons at that address (Dkt. #18 at 1). Because neither party raised the address discrepancy the court need not analyze the issue further.

service"); *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947) ("As a general rule the misnomer of a corporation in a notice, summons. . . or other step in a judicial proceeding is immaterial if it appears that (the corporation) could not have been, or was not, misled."); *Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999) ("[S]ervice of process is not legally defective simply because the complaint misnames the defendant in some insignificant way.").

It is clear that Crow intended to serve HCL America Inc. and did in fact serve HCL America Inc. However, the entity named on the EEOC Right to Sue letter (HCL America Inc.) does not match the name on the summons (HCL America Technologies Inc.) or this lawsuit (HCL America Technologies Inc.) (Dkt. #17, Exhibit 2 at 8). As pointed out by HCL for the first time in its Motion to Set Aside Default, (Dkt. #18 at 1), HCL's correct name is "HCL America Inc." Thus, Crow served but misnamed the correct party by the inclusion of "Technologies" in HCL's name in the summons and this lawsuit. However, misnaming HCL in the summons did not invalidate service of process.

### *HCL's default was not willful.*

"A *willful default* is an 'intentional failure' to respond to litigation." *Scott v. Carpanzano*, 556 F. App'x 288, 294 (5th Cir. 2014) (citation omitted) (emphasis in original). As such, negligence in not responding to a lawsuit does not constitute willful default. *See id.*

HCL alleges that it had no obligation to answer because it believed that Crow's service was improper, and "that belief was reasonable and justifies setting aside the default judgment" (Dkt. #18 at 7). HCL also claims that because it believed that Crow misrepresented his employer by misnaming HCL, "it was not required to file an answer" (Dkt. #18 at 6). While HCL's belief that

4

it was not being sued is questionable for several reasons, none of these reasons support a finding of willful default.

First, HCL's own actions contributed to Crow's confusion. *See Krupski v. Costa Crociere*, 560 U.S. 538, 556 (2010) (explaining that "Costa Crociere's own actions contributed to passenger confusion over 'the proper party' for a lawsuit" when plaintiff mistakenly sued "Costa Cruise"). HCL's branding often uses "tech" or "technology." In the emails exchanged between HCL and Crow regarding the offer and acceptance of his employment, the subject line reads name "Re: Welcome Aboard - HCL Technologies Ltd." (Dkt. #19, Exhibit 3). "This interrelationship and similarity heighten the expectation" that HCL should have suspected Crow made a mistake. *Krupski*, 560 U.S. at 556. Even so, regardless of the whether HCL's assumptions were reasonable, its negligence in not responding to an imperfect summons does not constitute a willful default.

Second, HCL alleges that Sitaraman was "very confused" by the summons and complaint, namely because "the paperwork did not reference his employer (i.e., HCL)" (Dkt. #18 at 1–2). HCL also alleges that Sitaraman was "very confused" for the following reasons: he did not know what the paperwork was or what it was for, he had never been served legal papers in the past, it was not his "usual or customary role or duty to accept legal papers on behalf of the company," and he "was not aware he had the authority to accept legal papers on behalf of HCL" (Dkt. #18 at 1–2). Sitaraman's alleged confusion may be better characterized as HCL choosing "to play games" with the court. *See, e.g. Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). The summons listed "Defendant's name and address" as "HCL America Technologies, Inc., 2401 Internet Blvd. STE. #200 Frisco, TX 75034" (Dkt. #12 at 1). The next line states "[a] lawsuit has been filed against you." (Dkt. #12 at 1). This language is not ambiguous. HCL's feigned confusion that

5

Sitaraman did not know what the paperwork was or what it was for is disingenuous but does not amount to willful default.

Additionally, Sitaraman gave the papers to a co-worker "in hopes that the co-worker knew what they were or could figure out what to do with them" (Dkt. #18 at 2). Unlike the defendant in *Lacy*, who attempted to resolve the lawsuit even though service was questionable, HCL never attempted to resolve its "confusion" in the nearly five-month period between service and when HCL filed its motion. *See Lacy*, 227 F.3d at 292–93. HCL could have, but did not, take any of the following actions: contact Crow, who used to work for HCL and whose name and address appeared on the summons; draft and file an answer; or draft and file a motion to dismiss. While HCL's mistaken belief that it had not been sued was questionable, its failure to respond to the summons was nonetheless not an "intentional failure to respond to litigation." *Scott*, 556 Fed. App'x. at 294.

***Setting aside the default would not prejudice Crow.***

A court's decision to set aside default judgment will be prejudicial to a plaintiff when "the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293. "Thus, mere delay alone does not constitute prejudice." *Id.* Here, Crow makes no showing of prejudice that will result if the entry of default is set aside, (Dkt. #3), nor does any potential for unfair prejudice appear in the record. Therefore, the court finds that Crow has not alleged the requisite prejudice to establish that the clerk's entry of default should be set aside.

***HCL has a potential meritorious defense.***

HCL has set forth a meritorious defense to Crow's claims. When determining if a party has a meritorious defense, "[t]he underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."

*Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008) (quoting 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure: Civil 3d § 2697 (1998)). A defendant may present a meritorious defense, or, alternatively, a plaintiff's failure to state a claim may itself be a meritorious defense. *Scott*, 556 Fed. App'x. at 297.

In his complaint, Crow asserts that HCL discriminated against him in violation of Title VII (Dkt. #3 at 2–4). A plaintiff bringing an employment discrimination claim must make a prima facie showing that the employer's adverse employment action was "improperly motivated" by the employee's race. *Lacy*, 277 F.3d at 293. To do so, the employee must prove:

> (1) that he is a member of a protected class, (2) that he was at all times qualified for the position at issue, (3) that he was nonetheless refused employment or an employment benefit, and (4) that the employment or employment benefit went to an individual who differs from the plaintiff with regard to that class.

*Id.*

After a plaintiff has established a prima facie case of employment discrimination, "the employer then has the opportunity to rebut the inference of discrimination by producing a legitimate, non-discriminatory business justification for the action." *Lacy*, 277 F.3d at 293. Once the employer has fulfilled this burden, the employee must show the employer's alleged non-discriminatory justification was pretextual, "and did not actually motivate the employment action." *Id.* at 293–94.

As for the first element, Crow's complaint alleges that he is a member of three protected classes: gender (male), race, (African American), and age (43 years old) (Dkt. # 3 at 2–4). Second, Crow states that he was qualified based on his college education from "Texas A & M – Commerce" (Dkt. #3 at 2). However, Crow's complaint does not explain or contain documentation for the qualifications of his job at HCL (Dkt. #3). Third, Crow's complaint establishes that he was discharged from HCL (Dkt. #3 at 3). Fourth, Crow states that he was the only African American

person in the training program, that "white/Indian" employees received more training sessions, and that Crow was not allowed to work from home like the other employees (Dkt. #3 at 2).

Crow's complaint further states that HCL management discharged Crow because he "was not where they want [him] to be" (Dkt. #3 at 3). There also appears to have been an incident on January 23, 2022, where "Crow opened camera by camera by accident and the tenure trainer Erik Contreas was able to Crow," although the implications of that interaction are difficult to discern from the pleadings (Dkt. #3 at 3). Additionally, when Crow was asked to submit an attestation that he did not engage in illegal activities, Crow "complained" that the attestation was "unethical" (Dkt. #3 at 3). Lastly, Crow "complained" about the training at HCL in December and January 2022, alleging that the "company was scamming the new employees," and that HCL was not helping Crow as needed during the training (Dkt. #3 at 3).

Additionally, in its motion, HCL advises that Crow's employment was subject to a Dispute Resolution Agreement that requires the parties to resolve disputes only by an arbitrator through final and binding arbitration and not by way of court or a jury trial (Dkt. #18 at 3). HCL argues, therefore, that this court lacks jurisdiction over Crow's lawsuit (Dkt. #18 at 3). Further, HCL, relying on the EEOC's dismissal of Crow's charge of discrimination for failure to state a claim under any of the laws enforced by the EEOC, appears to argue that Crow has failed to establish a prima facie case of discrimination (Dkt. #18 at 7). Therefore, at this juncture, the court finds that HCL has presented a meritorious defense sufficient to set aside the clerk's entry of default.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Plaintiff's Amended Motion for Default Judgment (Dkt. #17) be **DENIED**. The court further recommends that Defendant's Motion to Set Aside Default (Dkt. #18) be **GRANTED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of September, 2023.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE